United States Bankruptcy Court

Middle District of Pennsylvania

In re:                                                                    Case No. 21-00141-HWV

Nathan A. Stepler                                                         Chapter 13

Becky L. Stepler

    Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-1                 User: AutoDocke                          Page 1 of 2

Date Rcvd: Feb 25, 2021              Form ID: pdf002                   Total Noticed: 14

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 27, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db/jdb | + | Nathan A. Stepler, Becky L. Stepler, 19759 Path Valley Road, Dry Run, PA 17220-9707 |
| 5386727 | + | Citi/Sears, Citibank/Centralized Bankruptcy, Po Box 790034, St Louis, MO 63179-0034 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**

Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Feb 25 2021 19:12:32 | PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 5386726 | + | Email/PDF: AIS.cocard.ebn@americaninfosource.com | Feb 25 2021 19:23:02 | Capital One, Attn: Bankruptcy, Po Box 30285, Salt Lake City, UT 84130-0285 |
| 5386727 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Feb 25 2021 19:12:40 | Citi/Sears, Citibank/Centralized Bankruptcy, Po Box 790034, St Louis, MO 63179-0034 |
| 5386728 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Feb 25 2021 19:00:00 | Comenity Bank, Attn: Bankruptcy, Po Box 182125, Columbus, OH 43218-2125 |
| 5386729 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Feb 25 2021 19:00:00 | Comenity Bkl/Ulta, Attn: Bankruptcy Dept, Po Box 182125, Columbus, OH 43218-2125 |
| 5386730 | + | Email/Text: cashiering-administrationservices@flagstar.com | Feb 25 2021 19:00:00 | Flagstar Bank, Attn: Bankruptcy, 5151 Corporate Drive, Troy, MI 48098-2639 |
| 5386731 | + | Email/Text: PBNCNotifications@peritusservices.com | Feb 25 2021 19:00:00 | Kohls/Capital One, Attn: Credit Administrator, Po Box 3043, Milwaukee, WI 53201-3043 |
| 5386732 | + | Email/Text: unger@members1st.org | Feb 25 2021 19:00:00 | Members 1st, 5000 Louise Drive, Mechanicsburg, PA 17055-4899 |
| 5386733 | + | Email/PDF: cbp@onemainfinancial.com | Feb 25 2021 19:12:24 | OneMain Financial, Attn: Bankruptcy, P0 Box 3251, Evansville, IN 47731-3251 |
| 5386734 | + | Email/PDF: gecsedi@recoverycorp.com | Feb 25 2021 19:12:23 | Syncb/PPC, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896-5060 |
| 5387152 | + | Email/PDF: gecsedi@recoverycorp.com | Feb 25 2021 19:12:23 | Synchrony Bank, c/o PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 5386735 | + | Email/PDF: gecsedi@recoverycorp.com | Feb 25 2021 19:12:23 | Synchrony Bank/Amazon, Attn: Bankruptcy, Po Box 965060, Orlando, FL 32896-5060 |
| 5386736 | + | Email/Text: bankruptcynotice@westlakefinancial.com | Feb 25 2021 19:00:00 | Westlake Financial Services, Attn: Bankruptcy, Po Box 76809, Los Angeles, CA 90076-0809 |

TOTAL: 13

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 27, 2021            Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 25, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Charles J DeHart, III (Trustee) | TWecf@pamd13trustee.com |
| Nicholas G. Platt | on behalf of Debtor 1 Nathan A. Stepler ngp@mooney4law.com  plattnr61895@notify.bestcase.com |
| Nicholas G. Platt | on behalf of Debtor 2 Becky L. Stepler ngp@mooney4law.com  plattnr61895@notify.bestcase.com |
| Rebecca Ann Solarz | on behalf of Creditor LAKEVIEW LOAN SERVICING  LLC bkgroup@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 5

## LOCAL BANKRUPTCY FORM 3015-1

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Nathan A. Stepler**
**Becky L. Stepler**

CHAPTER 13
CASE NO. [                              ]

■ ORIGINAL PLAN
____ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ■ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ■ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1.      PLAN FUNDING AND LENGTH OF PLAN.**

      **A.      Plan Payments From Future Income**

          1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**86,400.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 02/21 | 01/26 | 490.72 | 949.28 | 1,440.00 | 86,400.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $86,400.00 |

          2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Case 1:21-bk-00141-HWV    Doc 8    Filed 01/25/21    Entered 01/25/21 13:22:10    Desc
Main Document        Page 1 of 5
Case 1:21-bk-00141-HWV    Doc 18    Filed 02/27/21    Entered 02/28/21 00:32:33    Desc
Imaged Certificate of Notice    Page 3 of 7

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

■ Debtor is over median income. Debtor estimates that a minimum of $**0.00** must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B.** **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

■ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

**2.** **SECURED CLAIMS.**

**A.** **Pre-Confirmation Distributions.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

■ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| Flagstar Bank | Attn: Bankruptcy; 5151 Corporate Drive; Troy, MI 48098 | 7848 | $949.28 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B.** **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

■ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without

2

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

Case 1:21-bk-00141-HWV    Doc 8    Filed 01/25/21    Entered 01/25/21 13:22:10    Desc
Main Document    Page 2 of 5
Case 1:21-bk-00141-HWV    Doc 18    Filed 02/27/21    Entered 02/28/21 00:32:33    Desc
Imaged Certificate of Notice    Page 4 of 7

modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Members 1st | 2006 Volkswagen Jetta 276,000 miles Vehicle: | 0002 |
| OneMain Financial | 2001 Dodge Ram 2500 330000 miles Vehicle: | 0176 |
| Westlake Financial Services | 2011 Toyota Venza 133476 miles Vehicle: | 2038 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

■ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Flagstar Bank | 19759 Path Valley Road Dry Run, PA 17220 Residence: Single Family Home | $0.00 | $0.00 | $16,000.00 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

■ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| Flagstar Bank | 19759 Path Valley Road Dry Run, PA 17220 Residence: Single Family Home | $124,773.00 | 0% | $56,956.80 |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*
■ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

■ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

**G .** **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

■ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

**3.** **PRIORITY CLAIMS.**

**A.** **Administrative Claims**

1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. Attorney's fees. Complete only one of the following options:

a. In addition to the retainer of $ __157.00__ already paid by the Debtor, the amount of $__4,343.00__ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
*Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

**B.** **Priority Claims (including, certain Domestic Support Obligations)**

■ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

**C.** **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

**4.** **UNSECURED CLAIMS**

**A.** **Claims of Unsecured Nonpriority Creditors Specially Classified.**
*Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

**B.** **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5.** **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

**6.** **VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

■ plan confirmation.
☐ entry of discharge.
☐ closing of case.

7. **DISCHARGE: (Check one)**

■ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: **January 22, 2021**  /s/ **Nicholas G. Platt**
**Nicholas G. Platt 327239**
Attorney for Debtor

/s/ **Nathan A. Stepler**
**Nathan A. Stepler**
Debtor

/s/ **Becky L. Stepler**
**Becky L. Stepler**
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

5

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Case 1:21-bk-00141-HWV    Doc 8    Filed 01/25/21    Entered 01/25/21 13:22:10    Desc
Main Document      Page 5 of 5
Case 1:21-bk-00141-HWV    Doc 18    Filed 02/27/21    Entered 02/28/21 00:32:33    Desc
Imaged Certificate of Notice    Page 7 of 7